IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE GARDNER, # 231984, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv390-WKW |
| | ) | (WO) |
| JEFFERSON S. DUNN, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state

custody, *see* 28 U.S.C. § 2254, filed on June 2, 2015, through counsel, by petitioner Willie

Gardner ("Gardner").  (Doc. No. 1.)  Gardner, an Alabama prisoner, challenges the sentence

of life without the possibility of parole entered against him in October 2003 upon his guilty-

plea conviction in the Circuit Court of Montgomery County for the offense of capital murder.

He argues that his life sentence without the possibility of parole violates the Eighth

Amendment in light of the United States Supreme Court's holding in *Miller v. Alabama*, ___

U.S. ___, 132 S.Ct. 2455, 2469 (2012) (holding that mandatory imposition of life

imprisonment without the possibility of  parole for juvenile offenders sentenced as adults

violates the Eighth Amendment).[1]

---

[1] The United States Supreme Court recently granted a petition for writ of certiorari in
*Montgomery v. Louisiana*, No. 14–280, which presents the question of whether *Miller* should be
applied retroactively.  (*See State v. Montgomery* (La. 2014) 141 So.3d 264, cert. granted Mar. 30,

## II.   DISCUSSION

The records of this court indicate that on April 25, 2006, Gardner filed a previous petition for habeas corpus relief under 28 U.S.C. § 2254 challenging the same capital murder conviction and sentence of life without parole entered against him in October 2003 by the Circuit Court of Montgomery County.  *See Gardner v. Jones, et al.*, Civil Action No. 2:06cv413-WHA, Doc. No. 1.  In that previous habeas action, this court found that Gardner's habeas claims were without merit and, on April 27, 2009, denied his petition and dismissed the case with prejudice.  *See id.*, Doc. Nos. 17-19.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2]  28 U.S.C.

_____

2015, sub nom. *Montgomery v. Louisiana* (2015) ___ U.S. ___, 135 S.Ct. 1546.)

[2] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(continued...)

2

§ 2244(b)(3)(B) & (C).

It is clear from the record that Gardner has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief.  (*See* Doc. No. 2 at 1-2.)  "Because this undertaking [is a successive] habeas corpus petition and because [Gardner] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus must be denied and this case summarily dismissed.  *Id*. at 934.

---

[2](...continued)
28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Gardner be DENIED.

2.  This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) as Gardner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that **on or before July 7, 2015**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of June, 2015.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE